# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2254

_____

United States of America,　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　v.　　　　　　　　　　　　　 *　Appeal from the United States
　　　　　　　　　　　　　　　　　　 *　District Court for the
Jeffery Lavelle Stovall, also known as　*　District of Minnesota.
Mr. Moe, also known as Lil Moe,　　　 *
　　　　　　　　　　　　　　　　　　 *　　　　[UNPUBLISHED]
　　　　　　　　Appellant.　　　　　　 *

_____

Submitted:  December 28, 2006
Filed:  January 8, 2007

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jeffery Lavelle Stovall (Stovall) appeals the sentence imposed by the district court[1] after he pled guilty to aiding and abetting the possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2. His counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting Stovall's 132-month prison sentence is unfairly severe.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

In his written plea agreement, Stovall expressly waived the right to appeal, directly or collaterally, any sentencing issue, except for a claim of ineffective assistance of counsel. At the plea hearing, Stovall acknowledged the plea agreement and confirmed the appeal waiver. We conclude the appeal waiver is valid, and we enforce it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way the district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about his decision to enter agreement and to waive right to appeal); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____