# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3767

_____

United States of America,       *
                                  *

           Appellee,      *

                                  *   Appeal from the United States
      v.                      *   District Court for the
                                  *   District of South Dakota.

Juan Valadez,               *

                                  *   [UNPUBLISHED]
           Appellant.     *

_____

Submitted: January 5, 2007
Filed: January 12, 2007

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Juan Valadez appeals the 120-month prison sentence imposed by the district court[1] after he pleaded guilty to conspiring to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 846. His counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning whether Valdadez's guilty plea and corresponding appeal waiver were knowing and voluntary and asserting several other arguments at Valadez's request.

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

We conclude that this appeal falls within the scope of the appeal waiver Valadez agreed to as part of his written plea agreement. Further, though Valadez repeatedly expressed his displeasure at the inclusion of the appeal waiver in the plea agreement, he also repeatedly expressed his understanding of the implications of the waiver and his understanding that the plea agreement was dependent on inclusion of the waiver. Thus, we conclude the appeal waiver is valid, and we enforce it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____