# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1765

_____

United States of America,      *
      *
       Appellee,      *
      *    Appeal from the United States
     v.      *    District Court for the
      *    Eastern District of Missouri.
David E. Wilson,      *
      *    [UNPUBLISHED]
       Appellant.      *

_____

Submitted: April 19, 2007
Filed: May 1, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

David E. Wilson appeals the sentence the district court[1] imposed after he pleaded guilty to a felon-in-possession offense. In a brief filed under Anders v. California, 386 U.S. 738 (1967), his counsel raises issues related to excessiveness of the sentence and ineffective assistance of counsel. In pro se submissions, Wilson also asserts ineffective assistance, citing allegedly prejudicial errors arising from the use of certain previous convictions for sentencing enhancements.

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Wilson entered his guilty plea pursuant to a plea agreement in which he waived his right to bring a direct appeal, and his right to bring a habeas corpus challenge on any ground other than prosecutorial misconduct or ineffective assistance of counsel. We will enforce the appeal waiver here. The record reflects that Wilson understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; this direct appeal falls within the scope of the waiver; and no injustice would result. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). Having reviewed the record, we find no support for a contention that the government breached the plea agreement. Claims based on ineffective assistance of counsel may be raised in 28 U.S.C. § 2255 proceedings.

Accordingly, we dismiss the appeal. We grant counsel leave to withdraw, and deny Wilson's motion for new appointed counsel.

_____