# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3255

_____

United States of America,

        Appellee,

v.

Manuel Peinado-Juarez,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: October 4, 2007
Filed: October 12, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Manuel Peinado-Juarez (Peinado-Juarez) appeals the 37-month prison sentence the district court[1] imposed after he pled guilty to reentering the United States illegally after having been deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). In a brief filed under Anders v. California, 386 U.S. 738 (1967), his counsel argues (1) Peinado-Juarez's sentence was improperly calculated under the Guidelines, and (2) the sentence is too harsh. In a pro se supplemental brief, Peinado-Juarez argues the court improperly relied on his prior

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

state drug sentence in determining his offense level and criminal history category because the sentence was imposed more than 15 years before his involvement in the instant offense.

We enforce the broad appeal waiver included in Peinado-Juarez's plea agreement: the plea colloquy reflects that Peinado-Juarez understood and voluntarily accepted the terms of the plea agreement, including the waiver; this appeal falls within the scope of the waiver; and no injustice would result. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), for any nonfrivolous issue not covered by the waiver, we find none. Accordingly, we enforce the waiver and dismiss the appeal. We also grant counsel's motion to withdraw.

_____