# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1239

———————

United States of America,

         Appellee,

v.

Rafael Rosales-Martinez,

         Appellant.

\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.

\* [UNPUBLISHED]

———————

Submitted: December 7, 2007
Filed: December 11, 2007

———————

Before BYE, RILEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Rafael Rosales-Martinez pleaded guilty to unlawful reentry following removal, in violation of 8 U.S.C. § 1326(a), (b)(2), and conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. The district court[1] sentenced him as a career offender to 170 months in prison and 3 years of supervised release. On appeal, Rosales-Martinez's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), which questions whether the district court erred in sentencing Rosales-Martinez as a career offender.

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

The plea agreement, however, contains a waiver of Rosales-Martinez's right to appeal his sentence, and we will enforce that appeal waiver here. The record reflects that Rosales-Martinez understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the appeal falls within the scope of the waiver; and no injustice would result. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where both plea agreement and waiver were entered into knowingly and voluntarily, appeal falls within scope of waiver, and no miscarriage of justice would result); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find that there are no nonfrivolous issues not covered by the appeal waiver. Accordingly, we dismiss the appeal, and we grant counsel's motion to withdraw.

_____