# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1354

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Mark Carmel, | * | |
| also known as Smiley, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 6, 2008
Filed: May 15, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mark Carmel appeals the 120-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Carmel's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the appeal waiver contained in Carmel's plea agreement is not enforceable because the agreement itself

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

was not entered into knowingly and voluntarily. More specifically, Carmel maintains that he did not understand he was agreeing to a 120-month prison sentence.

We will enforce an appeal waiver where both the plea agreement and the appeal waiver were entered into knowingly and voluntarily, the appeal falls within the scope of the waiver, and no miscarriage of justice would result. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). After reviewing the record, we conclude that Carmel knowingly and voluntarily entered into his plea agreement and appeal waiver. We note that, during the plea hearing, the court advised Carmel that he was waiving "important appeal rights," fully quoted the terms of the appeal waiver, and referred several times to the "agreed 120-month sentence." The court repeatedly asked Carmel if he understood, and each time Carmel responded, "Yes, sir." Cf. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). We also conclude that Carmel's appeal falls within the scope of the appeal waiver, which provided that he waived all rights to appeal his sentence unless his prison term exceeded 120 months (the statutory maximum), and that enforcing the waiver would not result in a miscarriage of justice. See Andis, 333 F.3d at 891-92; see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for appeal beyond the scope of the waiver. Therefore, we enforce the appeal waiver and dismiss the appeal. We grant counsel leave to withdraw, subject to the condition that counsel promptly comply with the requirements of Part V of this Court's Plan to Implement the Criminal Justice Act by advising Carmel of the procedures for filing a petition for writ of certiorari pro se.

_____