# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2729

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Phillip Ellis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 7, 2008
Filed: August 8, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Phillip Ellis appeals the 180-month prison sentence the district court[1] imposed upon his guilty plea to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and "some amount" of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 2. He also consented to forfeiture of $70,257.96 pursuant to 21 U.S.C. § 853. His counsel has filed a brief under Anders v. California,

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

386 U.S. 738 (1967), in which he seeks leave to withdraw, arguing the district court erred in imposing too high a sentence.

Ellis pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his conviction and sentence. We will enforce the appeal waiver here. The record reflects that Ellis understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the appeal falls within the scope of the waiver; and we conclude that no injustice would result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the waiver. Therefore, we dismiss the appeal and grant counsel's motion to withdraw.

_____