# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3315

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　District of Nebraska.
Frank R. Oddo, Jr.,　　　　　　　*
　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　Appellant.　　　　*

_____

Submitted: February 5, 2009
Filed: February 25, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

　　　Frank Oddo, Jr. appeals the sentence imposed by the district court[1] after he pleaded guilty to a drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. New counsel appointed for Oddo has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), he questions whether trial counsel adequately represented Oddo below, because he failed to advise Oddo of the effect of an appeal waiver in his plea agreement and failed to properly review and object to the presentence report.

_____

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Oddo entered his guilty plea pursuant to a plea agreement in which he waived his right to appeal his conviction and sentence, preserving the right to bring specified ineffective-assistance claims only in postconviction proceedings. We will enforce the appeal waiver here. The record reflects that Oddo understood and voluntarily accepted the terms of his plea agreement, including the appeal waiver; that the arguments raised in this appeal fall within the scope of the waiver; and that no injustice would result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforcibility of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), for any nonfrivolous issue not covered by the waiver, we find none. Accordingly, we dismiss the appeal, and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____