# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1580

_____

United States of America,                  *
                                            *
            Appellee,                       *
                                            *    Appeal from the United States
      v.                                    *    District Court for the Southern
                                            *    District of Iowa.
Juan Avalos-Lopez,                          *
                                            *    [UNPUBLSIHED]
            Appellant.                      *

_____

Submitted: May 29, 2009
Filed: June 30, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Juan Avalos-Lopez appeals his conviction upon the district court's[1] acceptance of his plea of guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the factual basis supporting the guilty plea was insufficient.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Avalos-Lopez pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his conviction and his sentence. Upon careful review, we conclude that Avalos-Lopez understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the appeal falls within the scope of the waiver; and no miscarriage of justice would result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the appeal waiver.

Accordingly, we enforce the appeal waiver and dismiss the appeal. We grant counsel's motion to withdraw, subject to counsel advising Avalos-Lopez of his right to file a petition for a writ of certiorari.

_____