# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2621

_____

United States of America,

        Appellee,

v.

James C. Richards,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*
\*

_____

Submitted: August 20, 2009
Filed: August 28, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James C. Richards appeals the prison sentence that the district court[1] imposed after he pleaded guilty to accepting funds intended for the Internal Revenue Service (IRS) and converting the funds to his own use, in violation of 18 U.S.C. § 641; attempting to defeat the assessment of tax, in violation of 26 U.S.C. § 7201; making false statements to a United States agency, in violation of 18 U.S.C. § 1001; and fabricating documents purportedly from the IRS to conceal theft, in violation of 18

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

U.S.C. § 912. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), seeking to withdraw and arguing that the district court erred in sentencing Richards above the applicable Guidelines range and in failing to rule on all of Richards's objections to the presentence report. In a pro se supplemental brief, Richards argues that he should have received a shorter sentence, and he contests the veracity of some of the victims' testimony at sentencing.

Richards's written plea agreement contains a valid appeal waiver which encompasses the argument that he and his counsel raise on appeal. Further, we conclude that the waiver is enforceable, and that enforcing it would not cause a miscarriage of justice. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); <u>see also</u> <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and finding no non-frivolous issues not covered by the appeal waiver, we enforce the waiver and dismiss this appeal. We grant counsel leave to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____