# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2911

_____

United States of America,

        Appellee,

v.

Pedro O. Montoya,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: August 31, 2009
Filed: September 2, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Pedro Montoya to 180 months in prison after he pled guilty to a drug count and a forfeiture count pursuant to a written plea agreement that contained a waiver of appeal rights. In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel challenges the prison sentence and asserts an ineffective-assistance claim on Montoya's behalf. Montoya has filed a pro se supplemental brief, claiming that he was misled by counsel about the length of his prison sentence.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

We enforce the appeal waiver contained in the written plea agreement, because the record indicates that Montoya entered into the agreement and the waiver knowingly and voluntarily, the appeal falls within the scope of the waiver, and enforcing the waiver would not result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (describing conditions for enforcing appeal waiver and discussing narrowness of miscarriage-of-justice exception; alleged misapplication of Guidelines or abuse of discretion is not subject to appeal in face of valid appeal waiver); *United States v. Estrada-Bahena*, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in *Anders* case). To the extent the ineffective-assistance claim falls outside the scope of the appeal waiver, we decline to review it in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006).

Further, we reviewed the record independently in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), and find no nonfrivolous issues beyond the scope of the appeal waiver.

Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____