# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3319

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Damon S. Bryant, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 6, 2009
Filed: November 12, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Damon S. Bryant pleaded guilty to conspiring to distribute 3,4 methylenedioxymethamphetamine (ecstasy) and fifty grams or more of cocaine base (crack). He also agreed to forfeit any proceeds from his involvement in the conspiracy. The District Court[1] sentenced him to the statutory minimum of 120 months in prison and five years of supervised release. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court erred in refusing to allow Bryant to

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

withdraw his guilty plea and in imposing the ten-year mandatory minimum prison sentence.

We conclude that the District Court did not abuse its discretion in refusing to allow Bryant to withdraw his plea, in light of his plea-hearing testimony. See United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (standard of review); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); United States v. Bahena, 223 F.3d 797, 806–07 (8th Cir. 2000) (noting that when defendant stated at plea hearing that he understood, his "later conclusory claim that he did not understand what was going on rings hollow"), cert. denied, 531 U.S. 1181 (2001). Further, any related claim that counsel rendered ineffective assistance should be presented in a 28 U.S.C. § 2255 petition, to the extent Bryant has not waived his right to initiate such proceedings. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).

As to the sentencing issue, we will enforce the appeal waiver because the record reflects that Bryant understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver, and no injustice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the District Court's denial of Bryant's motion to withdraw his guilty plea, and we dismiss the remainder of the appeal based on the appeal waiver. We also grant counsel's motion to withdraw, provided that counsel inform Bryant about the procedures for filing pro se petitions for rehearing and certiorari.

_____