# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3846

———————

United States of America,

        Appellee,

v.

Jack Arlan Calvin,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: December 30, 2009
Filed: January 7, 2010

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Jack Calvin pleaded guilty to securities fraud, in violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. The district court[1] sentenced him to 200 months in prison and 3 years of supervised release, and ordered him to pay $2,083,736.41 in restitution. On appeal, counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Counsel argues that the district court committed procedural error in calculating the Guidelines range because it improperly applied a 2-level enhancement

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

for sophisticated means, and that the court abused its discretion because the 200-month sentence was greater than necessary to fulfill the purposes of 18 U.S.C. § 3553(a). Calvin has filed a pro se supplemental brief raising similar arguments.

Upon careful review, we conclude that Calvin knowingly and voluntarily entered into the plea agreement and the appeal waiver, that the issues raised on appeal fall within the scope of the appeal waiver, and that enforcing the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating circumstances in which court will enforce appeal waiver; noting miscarriage-of-justice exception is narrow and does not swallow general rule that waivers of appellate rights are valid); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal beyond the scope of the waiver. Accordingly, we enforce the appeal waiver and dismiss the appeal. We grant defense counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____