# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1761

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Adam Kaminski, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 26, 2010
Filed: February 5, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Adam Kaminski challenges the sentence the district court[1] imposed after he pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349, and to illegal re-entry, in violation of 8 U.S.C. § 1326(a), (b)(2). His counsel seeks leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). For reversal, counsel questions the district court's application of a 16-level enhancement for Kaminski's deportation following his felony conviction for robbery, see U.S.S.G. § 2L1.2(b)(1)(A), and the sufficiency of the evidence

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

supporting the determination of his victims' losses. Kaminski has filed a supplemental brief also challenging the court's application of the 16-level enhancement.

We will dismiss this appeal. The written plea agreement contains an appeal waiver, and we conclude that the appeal waiver should be enforced because (1) the transcript of the plea hearing shows that Kaminski's plea was knowing, voluntary, and entered with full knowledge of the appeal waiver; (2) the waiver covers the arguments raised on appeal; and (3) enforcing the waiver would not cause a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003 (en banc) (enforceability of appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no non-frivolous issue for appeal. Accordingly, we affirm the district court's judgment, and, subject to counsel's obligation to advise Kaminski on the procedures for filing motions for rehearing and for certiorari, we grant counsel's motion to withdraw.

_____