# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2226

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Sylvester King, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 3, 2010
Filed: March 8, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Sylvester King pleaded guilty to distributing and possessing with intent to distribute a mixture containing cocaine base. 21 U.S.C. § 841(a)(1), (b)(1)(C). He now challenges the sentence imposed by the District Court.[1] His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising as a potential issue that the District Court abused its discretion in determining drug quantity for purposes of calculating King's sentence.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

We will dismiss this appeal based on the appeal waiver included in the written plea agreement. The transcript of the plea hearing shows that King knowingly and voluntarily entered into the plea agreement after discussing it with his attorney and that he understood the consequences of the appeal waiver. The appeal waiver encompasses the argument raised on appeal, and enforcing the waiver would not cause a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 890–92 (8th Cir.) (en banc) (holding that an appeal waiver in a plea agreement will be enforced when the appeal falls within the scope of the waiver, both the waiver and the plea agreement were entered into knowingly and voluntarily, and enforcement of the waiver would not result in a miscarriage of justice), cert. denied, 540 U.S. 997 (2003); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing an appeal waiver in an Anders case).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____