# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3225

_____

United States of America,

       Appellee,

v.

Randy L. Lorenz,

       Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: March 31, 2010
Filed:  April 5, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Randy Lorenz appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Lorenz pleaded guilty pursuant to a plea agreement that contained an appeal waiver, which we will enforce.  Lorenz's appeal falls within the scope of the waiver,

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

the record shows the requisite knowledge and voluntariness, and enforcing the appeal waiver would not constitute a miscarriage of justice.  See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently, see Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues not covered by the waiver.  Accordingly, we grant counsel leave to withdraw, and we dismiss this appeal.

_____