# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3280

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Floriberto Estrada-Bahena, also | * | District of North Dakota. |
| known as Heriberto Estrada-Bahena, | * | |
| | * | [Published] |
| Appellant. | * | |

_____

Submitted: January 18, 2000
Filed: January 27, 2000

_____

Before LOKEN, BRIGHT, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Floriberto Estrada-Bahena challenges the sentence imposed by the district court[1] after he pleaded guilty to being found in the United States without the Attorney General's consent, after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a) and (b)(2).  His counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  Although we

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

granted Estrada-Bahena permission to file a pro se supplemental brief, he has not done so.

As part of his plea agreement, Estrada-Bahena waived his right to appeal his sentence unless the district court departed upward from the Guidelines range. We conclude that this waiver was knowing and voluntary because, among other things, Estrada-Bahena was assisted by counsel and an interpreter at the change-of-plea and sentencing hearings; the court questioned him about the appeal waiver at the change-of-plea hearing, verifying that he understood he was waiving his right to appeal as part of the plea bargain, that he had reviewed the agreement with his counsel with the assistance of an interpreter, and that he wanted the court to adopt the agreement; the court reminded him of the appeal waiver again at sentencing; and the plea agreement and the presentence report advised him of a maximum possible sentence well in excess of that which he ultimately received. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver), cert. denied, 119 S. Ct. 363 (1998); United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced; appeal waiver was valid where it was included in plea agreement, it was discussed at change-of-plea hearing, court imposed sentence without objection from defendant, and court reviewed appeal waiver at sentencing).

Accordingly, because Estrada-Bahena's sentence was not an upward departure from the Guidelines range, we now specifically enforce his promise not to appeal by dismissing his appeal. See United States v. Williams, 160 F.3d 450, 452 (8th Cir. 1998) (per curiam). We also grant his counsel's motion to withdraw.

BRIGHT, Circuit Judge, concurring separately.

I concur in the result that the appellant is entitled to no relief on his appeal. On the merits, Estrada-Bahena shows no violation of his constitutional rights in the imposition of his sentence.

I disagree that the waiver of appeal should apply here. The appellant claims his counsel provided him ineffective assistance. While we do not decide that claim, the assertion and evidence in the file suggests that the waiver of an appeal should not apply here. In these circumstances, we should consider the appeal on its merits. However, since Estrada-Bahena cannot succeed on his appeal in any event, I concur in the result.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.