# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1569

_____

United States of America,   *
                            *
          Appellee,         *
                            *   Appeal from the United States
     v.                     *   District Court for the
                            *   District of Minnesota.
Jose Candaneda-Lopez,       *
                            *      [UNPUBLISHED]
          Appellant.        *

_____

Submitted:  September 6, 2001
     Filed:  September 12, 2001

_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Jose Candaneda-Lopez pleaded guilty to producing fraudulent immigration documents, in violation of 18 U.S.C. §§ 2, 1546(a).  He later moved to withdraw the plea, contending that he did not fully understand the consequences of pleading guilty, or his plea agreement, due to his unfamiliarity with the English language.  The district court[1] denied the motion and sentenced Candaneda-Lopez to 41 months imprisonment and three years supervised release.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

We conclude that the district court did not abuse its discretion in denying Candaneda-Lopez's motion to withdraw his guilty plea. At the guilty plea hearing, where the plea agreement was reviewed point by point, Candaneda-Lopez was assisted by counsel and a translator. He repeatedly assured the court that he understood the proceeding and the plea agreement and that he would not be able to withdraw his plea if he later changed his mind. Further, he conceded at sentencing that he had understood the court's admonition about withdrawing his plea, and admitted that he had changed his mind about pleading guilty because he was concerned about his family and hoped to be able to get a lighter sentence. See Fed. R. Crim. P. 32(e); United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000), cert. denied, 121 S. Ct. 1163 (2001). Accordingly, his guilty plea should stand.

As part of his plea bargain, Candaneda-Lopez waived his right "to appeal or to contest, directly or collaterally, his conviction or sentence on any ground, unless the Court should impose a sentence in violation of the law apart from the sentencing guidelines." The circumstances surrounding his guilty plea, which we have carefully examined, demonstrate to our satisfaction that Candaneda-Lopez knowingly and voluntarily made this plea-agreement promise not to appeal. See United States v. Estrada-Bahena, 201 F.3d 1070, 1070 (8th Cir. 2000) (per curiam).

Accordingly, we enforce the appeal waiver and dismiss this appeal. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.