# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1089

_____

United States of America,        *
       *
       Appellee,        *
       *    Appeal from the United States
       v.        *    District Court for the
       *    Western District of Missouri.
Lawrence Stuart Tuttle,        *
       *    [UNPUBLISHED]
       Appellant.        *

_____

Submitted: January 29, 2007
Filed: February 1, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lawrence Tuttle appeals the 60-month prison sentence imposed by the district court[1] after he pleaded guilty to using a means of identification of another person with intent to commit the unauthorized use of an access device and by such conduct obtaining more than $1,000 in value, in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(D). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning whether Tuttle's sentence representing an upward variance from the Guidelines range was reasonable.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

We conclude that this appeal falls within the scope of the broad appeal waiver contained in Tuttle's plea agreement and is not covered by the waiver's exceptions because the sentence did not exceed the 15-year statutory maximum and was not illegal.  Further, in response to the district court's questioning, Tuttle unequivocally expressed his understanding of the plea agreement and the waiver and affirmed that he entered the plea agreement freely and voluntarily.  Thus, we conclude the appeal waiver is valid, and we enforce it.  See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue falling outside the scope of the appeal waiver.  Accordingly, we dismiss the appeal and grant counsel leave to withdraw.

_____