# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2832

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Douglas Franklin, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 7, 2007
Filed: November 28, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Douglas Franklin appeals the 63-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Franklin's counsel has moved to withdraw and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that it would be a miscarriage of justice to enforce the appeal waiver, because, at the time Franklin signed the plea agreement, neither party contemplated that Franklin would not receive a 2-level acceptance-of-responsibility reduction or that he would receive

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

a 2-level obstruction-of-justice enhancement, both of which counsel further maintains were based upon clearly erroneous findings.

Franklin's written plea agreement contains a valid appeal waiver which encompasses the argument that counsel raises on appeal, and we conclude that the waiver is enforceable and that enforcing it would not cause a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and finding no non-frivolous issues not covered by the waiver, we enforce the waiver and dismiss this appeal. We grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____