# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1884

_____

United States of America,

        Appellee,

v.

Richard W. Howard III,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of South Dakota.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: April 29, 2008
Filed: May 2, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

     Richard W. Howard III (Howard) appeals the 84-month prison sentence the district court[1] imposed upon him after Howard pled guilty to engaging in a sexual act with someone who was physically unable to comprehend or resist the sexual act, in violation of 18 U.S.C. §§ 1153, 2242(2), and 2246(2)(A). Howard's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of Howard's sentence.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Howard pled guilty pursuant to a plea agreement containing a waiver of any right to appeal, except Howard could challenge the reasonableness of his sentence if the court imposed a sentence above the applicable advisory Guidelines imprisonment range. The district court did not sentence Howard above the applicable Guidelines range and in fact sentenced him at the bottom of the range with additional credit for the time he had served in tribal custody. We now enforce the appeal waiver because the record establishes Howard knowingly and voluntarily entered into the plea agreement and waiver; the appeal falls within the scope of the waiver; and no injustice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal beyond the scope of the waiver. Therefore, we affirm Howard's sentence, dismiss the appeal, and grant counsel's motion to withdraw.

_____