# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1238

_____

United States of America,                    *
                                             *
               Appellee,              *
                                             *
                         *   Appeal from the United States
       v.                           *   District Court for the
                                             *   Eastern District of Missouri.
                                             *
Sammy Jefferson, also known as               *
Bey Bey,                                     *   [UNPUBLISHED]
                                             *
               Appellant.             *

_____

Submitted: July 14, 2009
Filed: July 28, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Sammy Jefferson appeals the 235-month prison sentence the district court[1] imposed after he pleaded guilty to drug-conspiracy and drug-distribution charges. His counsel has moved to withdraw and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In two pro se briefs, Jefferson appears to contend that the appeal waiver in this case should be invalidated, because it is so broad as to be

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

unconstitutional. He also raises sentencing issues, ineffective-assistance-of-counsel claims, and prosecutorial-misconduct claims.

Jefferson entered his guilty plea pursuant to a plea agreement in which he waived his right to bring a direct appeal, and his right to bring a 28 U.S.C. § 2255 challenge on any ground other than ineffective assistance of counsel or prosecutorial misconduct. We will enforce the appeal waiver here. The record reflects that (1) the court accepted Jefferson's plea, applied the plea-agreement stipulations, and sentenced Jefferson within the resulting Guidelines range, thereby satisfying the conditions precedent to the appeal waiver; (2) Jefferson had read the plea agreement, had discussed it with his attorney, understood its terms, and was aware of the appeal waiver; (3) his arguments fall within the scope of the appeal waiver; and (4) no injustice would result from enforcing the appeal waiver, because Jefferson was sentenced consistently with his stipulations in the negotiated plea agreement. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal beyond the scope of the appeal waiver. Accordingly, we dismiss this appeal and grant defense counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari. We also deny Jefferson's motions to dismiss counsel and to appoint new counsel.

_____