# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3152

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Troy Thompson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 6, 2009
Filed: October 9, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Troy Thompson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), the district court[1] sentenced him to 180 months in prison and 5 years of supervised release. On appeal, counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), she argues that the appeal waiver contained in Thompson's plea agreement should not be enforced; that the district court abused its discretion in refusing to allow Thompson to withdraw his guilty plea; that the government's refusal to file a downward-

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

departure or sentence-reduction motion was irrational and therefore unconstitutional; and that the sentence is unreasonable.

We conclude that the district court did not abuse its discretion in refusing to allow Thompson to withdraw his plea, in light of his plea-hearing testimony.  See United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (standard of review); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); cf. United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (when defendant stated at plea hearing he understood, later conclusory claim that he did not rang hollow).

As to the remaining issues that counsel raises, we will enforce the appeal waiver, because the record reflects that Thompson understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; and we conclude that no injustice would result from enforcing it.  See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).  Further, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the appeal waiver.

Accordingly, we affirm the district court's judgment as to the denial of the motion to withdraw, and we dismiss the remainder of the appeal.  We also grant counsel's motion to withdraw, subject to counsel advising Thompson about procedures for seeking rehearing or filing a petition for writ of certiorari.

_____