# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————

No. 08-1786

——————

United States of America,     *

       *

      Appellee,     *

       *

      v.     *   Appeal from the United States

       *   District Court for the

Claudia Rodriguez-Rivera,     *   District of Minnesota.

also known as Claudia Rodriguez,     *

       *   [UNPUBLISHED]

      Appellant.     *

——————

Submitted: September 1, 2009

Filed: October 13, 2009

——————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

——————

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Claudia Rodriguez-Rivera pleaded guilty to conspiring to distribute approximately 140 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced Rodriguez-Rivera to 97 months in prison and 5 years of supervised release. On appeal, her counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he requests leave to withdraw. Counsel

——————

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

challenges the reasonableness of Rodriguez-Rivera's sentence, and suggests that she did not knowingly and voluntarily waive her right to appeal her sentence and that enforcing the appeal waiver would result in a miscarriage of justice.

Upon careful review, we conclude that Rodriguez-Rivera knowingly and voluntarily entered into the plea agreement and the appeal waiver, that the reasonableness of her sentence falls within the scope of the appeal waiver, and that enforcing the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court will enforce appeal waiver where both plea agreement and waiver were entered into knowingly and voluntarily, appeal falls within scope of waiver, and no miscarriage of justice would result); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal beyond the scope of the appeal waiver. Accordingly, we enforce the appeal waiver and dismiss the appeal. We grant defense counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____