# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1935

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　*　District Court for the
　　　v.　　　　　　　　　　　　　*　Eastern District of Missouri.
　　　　　　　　　　　　　　　　　*
Timothy Duane Rankins,　　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　 *

_____

Submitted: December 21, 2009
Filed: December 29, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Timothy Rankins pleaded guilty to being a felon in possession of a firearm and ammunition and was sentenced to 188 months in prison. Included in the plea agreement was an appeal waiver. For reasons unrelated to this appeal, the District Court[1] resentenced Rankins to 100 months, a sentence within the advisory Sentencing Guidelines range. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that Rankins's sentence is unreasonable. Rankins has filed a pro se supplemental brief, arguing that his guilty

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

plea was involuntary because of ineffective assistance of counsel and prosecutorial misconduct.

We have reviewed the record and conclude that any issue relating to the reasonableness of Rankins's sentence falls within the scope of the waiver, that Rankins entered into the plea agreement knowingly and voluntarily, and that there is no indication that a miscarriage of justice would result from enforcing the appeal waiver. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). We therefore enforce the appeal waiver in this case. See United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

We also see no indication in the record of prosecutorial misconduct. In any event, Rankins's involuntary-plea claim is not cognizable on appeal because he did not attempt to withdraw his plea in the District Court. See United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006), cert. denied, 549 U.S. 1137 (2007). Further, any ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 motion. See United States v. McAdory, 501 F.3d 868, 872–73 (8th Cir. 2007) (noting that appellate court ordinarily defers ineffective-assistance claims to § 2255 proceedings); United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (declining to consider claim that ineffective assistance of counsel rendered guilty plea involuntary and suggesting that the issue should be raised in § 2255 motion).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. We therefore dismiss the appeal based upon the appeal waiver and grant counsel's motion to withdraw, provided that counsel inform Rankins about the procedures for filing pro se petitions for rehearing and for certiorari.

_____