# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1471

_____

United States of America,                     *
                                              *
          Appellee,                           *
                                              *   Appeal from the United States
     v.                                       *   District Court for the
                                              *   Southern District of Iowa.
Sammy Inarrito,                               *
                                              *   [UNPUBLISHED]
          Appellant.                          *

_____

Submitted:  January 6, 2010
Filed:  February 4, 2010

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Sammy Inarrito pleaded guilty to conspiring to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The district court[1] sentenced him to 180 months in prison and 4 years of supervised release. On appeal, counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he raises as issues whether Inarrito understood "the full nature and extent" of the language in the plea agreement,

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

including the appeal waiver; and whether the district court erred in making determinations at sentencing regarding drug quantity and relevant conduct.

Upon careful review, we conclude that Inarrito knowingly and voluntarily entered into the plea agreement and the appeal waiver, as he confirmed at the guilty-plea hearing that he had read and signed the plea agreement, that he had fully discussed the plea agreement with his attorney, that all the statements contained in the plea agreement were true, and that he understood the appeal waiver. Further, we conclude that the district court's determinations as to drug quantity and relevant conduct fall within the scope of the appeal waiver, and that enforcing the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating circumstances in which court will enforce appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal beyond the scope of the waiver. Accordingly, we enforce the appeal waiver and dismiss the appeal. We grant defense counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____