# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2214

_____

United States of America,          *
          *
        Appellee,         *
          *   Appeal from the United States
    v.            *   District Court for the
          *   Western District of Missouri.
Parker Willingham,        *
          *   [UNPUBLISHED]
        Appellant.      *

_____

Submitted: February 5, 2010
Filed: February 23, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Parker Willingham pleaded guilty to conspiring to commit wire fraud and to defraud the United States by impairing, obstructing, and defeating the collection of tax revenue, in violation of 18 U.S.C. § 371. The district court[1] sentenced him to 41 months in prison and 3 years of supervised release, and ordered him to pay $31,650 in restitution. On appeal, his counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Counsel argues that the district court erred

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

by using the attempted loss rather than the actual loss to enhance the base offense level, that the sentence did not reflect Willingham's limited participation in the conspiracy, and that the sentence is inconsistent with sentences received by similarly situated codefendants.

Upon careful review, we conclude that Willingham knowingly and voluntarily entered into the plea agreement and the appeal waiver, that the issues raised on appeal fall within the scope of the appeal waiver, and that enforcing the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating circumstances in which court will enforce appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal beyond the scope of the waiver. Accordingly, we enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw.

_____