# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1567

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Adam M. Joseph, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2010
Filed: February 23, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Adam Joseph pleaded guilty to conspiring to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced him to 188 months in prison and 5 years of supervised release. On appeal, his counsel has moved for permission to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Joseph has filed a pro se supplemental brief, claiming that his counsel was ineffective.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Upon careful review, we conclude that Joseph knowingly and voluntarily entered into the plea agreement and the appeal waiver, and that enforcing the appeal waiver would not result in a miscarriage of justice. We therefore enforce the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (court will enforce appeal waiver and dismiss where appeal falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). We further decline to consider Joseph's ineffective-assistance claim on direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal beyond the scope of the waiver. Accordingly, we grant counsel leave to withdraw and we dismiss the appeal.

_____