# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2819

———————

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　*　District Court for the
　v.　　　　　　　　　　　　　*　District of Minnesota.
　　　　　　　　　　　　　　　　*
Marco Patrick Crespo,　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　*

———————

Submitted: March 10, 2010
Filed: March 16, 2010

———————

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Marco Crespo challenges the 37-month sentence the District Court[1] imposed after he pleaded guilty to an immigration offense. Crespo's counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), acknowledging the existence of an appeal waiver in Crespo's written plea agreement, but nevertheless arguing that Crespo's sentence is substantively unreasonable.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Upon careful review, we conclude that enforcement of the appeal waiver is warranted because Crespo's appeal falls within the scope of the waiver, Crespo knowingly and voluntarily entered into both the plea agreement and the appeal waiver, and enforcement of the waiver would not result in a miscarriage of justice given that Crespo received a sentence well below the correctly calculated Guidelines range and his mitigating circumstances are not extraordinary. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (holding that enforcement of an appeal waiver in a plea agreement is appropriate where the appeal falls within the scope of the waiver, defendant knowingly and voluntarily entered into both the plea agreement and the waiver, and enforcement of the waiver would not result in a miscarriage of justice), cert. denied, 540 U.S. 997 (2003); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (dismissing appeal in an Anders case based on an enforceable appeal waiver).

Furthermore, we have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found no non-frivolous issue beyond the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____