# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2184

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Jerrell Moore, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 19, 2010
Filed: April 23, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Jerrell Moore pleaded guilty to conspiring to manufacture, distribute, and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. The district court[1] sentenced Moore to 292 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), and Moore has filed a pro se supplemental brief.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Moore entered his guilty plea pursuant to a written plea agreement that contains a waiver of his right to appeal any issues related to his plea agreement, his conviction, and his sentence, as long as the sentence is within the maximum penalties provided in the statutes of conviction.  We will enforce the appeal waiver in this case, because the record shows that Moore entered his plea voluntarily, with full knowledge of and consent to the appeal waiver, and his sentence does not exceed the statutory maximum.  Further, all of the arguments raised in the <u>Anders</u> and pro se briefs are covered by the appeal waiver.  <u>See</u> 21 U.S.C. § 841(b)(1)(B)(iii) (maximum of life in prison); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforceability of appeal waiver); <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver.  Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.

_____