# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3330

_____

United States of America,        *
                            *

        Appellee,        *

                                *   Appeal from the United States

      v.                  *   District Court for the

                                *   District of Minnesota.

Jimmy Joe Korf,           *

                                *   [UNPUBLISHED]

        Appellant.      *

_____

Submitted: May 24, 2010
Filed: May 26, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jimmy Korf was charged with distributing and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Korf pleaded guilty in accord with a written plea agreement, which contained an appeal waiver. Departing downward, the district court[1] sentenced Korf to 140 months in prison, well below the advisory Guidelines range. On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of the sentence.

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

We will enforce the appeal waiver in this case because Korf's appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the appeal waiver would not constitute a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where appeal falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue not covered by the waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss this appeal.

_____