# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3783

_____

United States of America,

          Appellee,

v.

David Stidum,

          Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: July 6, 2010
Filed:  July 12, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, David Stidum pleaded guilty to a drug offense, and the district court[1] sentenced him to 84 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Stidum entered his guilty plea pursuant to a written plea agreement that contains a waiver of his right to appeal (1) all non-jurisdictional issues, and (2) all sentencing

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

issues if the court sentenced him within the Sentencing Guidelines range resulting from adopting the parties' agreed-upon recommendations. We will enforce the appeal waiver in this case, because the record shows that Stidum entered his plea voluntarily, with full knowledge of and consent to the appeal waiver, and his sentence is within the Guidelines range resulting from adoption of the parties' recommendations. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). The district court's instruction to Stidum at the conclusion of the sentencing hearing that he had ten days to appeal does not bar the enforceability of the appeal waiver. See United States v. Azure, 571 F.3d 769, 774 (8th Cir. 2009).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.

_____