# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3962

_____

United States of America,        *
                                *

          Appellee,      *

                               *   Appeal from the United States

     v.                      *   District Court for the

                               *   District of Minnesota.

Robert Charles Gutz,        *

                               *   [UNPUBLISHED]

          Appellant.     *

_____

Submitted:  June 29, 2010
Filed:   July 23, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      Pursuant to a written plea agreement, Robert Gutz pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and to possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(2). The district court[1] sentenced him to 180 months in prison, and Gutz appeals. His counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967); counsel has also filed a letter pursuant to Federal Rule of Appellate Procedure 28(j) suggesting that we hold this

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

appeal in abeyance until the Supreme Court has decided two cases for which certiorari has been granted.

Upon careful review, we conclude that the issues raised in the <u>Anders</u> brief fall within the scope of a valid appeal waiver that was contained in Gutz's plea agreement, that Gutz knowingly and voluntarily entered into the plea agreement and the appeal waiver, and that enforcing the appeal waiver would not result in a miscarriage of justice--even taking into consideration the cases pending before the Supreme Court. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver; appeal waivers are contractual agreements between defendant and government that should not be easily voided by courts; miscarriage of justice exception is narrow and will not be allowed to swallow general rule that waivers of appellate rights are valid); <u>see also</u> <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case).

Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____