# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3815

_____

United States of America,

   Appellee,

  v.

Dustin Thomas Swanda,

   Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: July 22, 2010
Filed: July 28, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing a waiver of his right to appeal, Dustin Swanda pleaded guilty to conspiracy to distribute in excess of 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] sentenced Swanda to 151 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

We will enforce the appeal waiver in this case because Swanda's appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the appeal waiver would not constitute a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to question defendant properly about decision to enter agreement and to waive right to appeal); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues not covered by the appeal waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss the appeal.

_____