# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1050

_____

United States of America,              *
                                          *

        Appellee,            *   Appeal from the United States
                                          *   District Court for the
      v.                    *   District of Minnesota.
                                            *

Maximino Martinez-Gutierrez,    *   [UNPUBLISHED]
                                          *

        Appellant.           *

_____

Submitted: September 14, 2010
Filed: September 17, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Maximino Martinez-Gutierrez pled guilty to one count of conspiring to distribute 50 grams or more of actual methamphetamine and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. The district court[1] sentenced Martinez-Gutierrez to 130 months in prison and 5 years of supervised release. On appeal, counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

U.S. 738 (1967), arguing that the district court should not have applied a Guidelines sentencing enhancement.

We enforce the appeal waiver because this appeal falls within the scope of the waiver, the record shows Martinez-Gutierrez entered both the plea agreement and the waiver knowingly and voluntarily, and enforcing the appeal waiver would not result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); *see also United States v. Estrada-Bahena*, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in *Anders* case).

We reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988) and we found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____