# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2014

_____

United States of America,           *
                                    *
            Appellee,               *    Appeal from the United States
                                    *    District Court for the
       v.                           *    District of Nebraska.
                                    *
Jaisankar Marimuthu,                *        [UNPUBLISHED]
                                    *
            Appellant.              *

_____

Submitted: September 28, 2010
     Filed:  October 6, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Jaisankar Marimuthu pleaded guilty to conspiracy to commit computer and securities fraud, 18 U.S.C. § 371, and aggravated identity theft, 18 U.S.C. §§ 1028A and 2. The District Court[1] sentenced Marimuthu to a total of eighty-one months in prison and three years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising as issues whether the appeal waiver was valid, whether a Guidelines enhancement was proper, whether the

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

court considered the 18 U.S.C. § 3553(a) factors, and whether counsel provided effective assistance. Marimuthu has submitted a supplemental brief arguing that the court treated the Guidelines as mandatory, the sentence was unreasonable, and his attorney was ineffective.

We will enforce the appeal waiver in this case because Marimuthu's issues on appeal—except for the ineffective-assistance claim—fall within the scope of the waiver; the record shows that Marimuthu entered into both the plea agreement and the waiver knowingly and voluntarily; and enforcing the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (explaining that this Court should enforce an appeal waiver and dismiss the appeal where the issues on appeal fall within the scope of the waiver, both the plea agreement and the waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver), cert. denied, 540 U.S. 997 (2003); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing an appeal waiver in an Anders case). We decline to consider the ineffective-assistance claim on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (noting that an ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 proceeding).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____