# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1412

_____

United States of America,

    Appellee,

v.

Leonzo Harvey,

    Appellant.

     \*
     \*
     \*
     \* Appeal from the United States
     \* District Court for the
     \* Western District of Missouri.
     \*
     \* [UNPUBLISHED]
     \*

_____

Submitted: September 24, 2010
Filed:  October 12, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Leonzo Harvey pleaded guilty to conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court[1] sentenced Harvey to the statutory minimum prison term of 120 months and 8 years of supervised release. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the plea and appeal waiver were not

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

knowing and voluntary, Harvey's sentence was unreasonable, and trial counsel was ineffective.

We will enforce the appeal waiver in this case because the record shows that Harvey entered into both the plea agreement and the waiver knowingly and voluntarily; further, this appeal falls within the scope of the waiver, and enforcing the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). We decline to consider the ineffective-assistance claim on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance claim should be raised in 28 U.S.C. § 2255 motion).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____