# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

Nos. 10-1985/1986

———————

United States of America,

Appellee,

v.

Clayton Sung Wilcox,

Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: October 7, 2010
Filed:  October 12, 2010

———————

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Pursuant to written plea agreements containing waivers of his right to appeal, Clayton Wilcox pleaded guilty to conspiring to possess with intent to distribute in excess of 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and possessing with intent to distribute a mixture or substance containing a detectable amount of N-Benzylpiperazine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  The district court[1] sentenced Wilcox to consecutive prison terms of 30 months and 130 months, and 3 years of supervised release.  On appeal, his

———————

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the total sentence of 160 months is unreasonable.

We will enforce the appeal waivers because the appeals fall within the scope of the waivers, the record shows the requisite knowledge and voluntariness, and enforcing the appeal waivers would not constitute a miscarriage of justice. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to question defendant properly about decision to enter agreement and to waive right to appeal); <u>see also</u> <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues not covered by the appeal waivers. Accordingly, we grant counsel leave to withdraw, and we dismiss the appeals.

_____