# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2531

_____

United States of America,            *
                                     *

           Appellee,          *
                                       *    Appeal from the United States
     v.                       *    District Court for the
                                         *    District of Nebraska.

Gregorio Mosqueda-Herrera,      *
                                     *    [UNPUBLISHED]

           Appellant.       *

_____

Submitted: October 28, 2010
Filed: November 5, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Gregorio Mosqueda-Herrera pleaded guilty to illegal reentry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced him to 63 months in prison and 3 years of supervised release. On appeal, his counsel seeks to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is greater than necessary to promote the goals of 18 U.S.C. § 3553(a), and challenging the reentry Guideline.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We will enforce the appeal waiver because the appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss the appeal.

_____