# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2166

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Jerry Goodman, Jr., | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: August 25, 2011
Filed: August 29, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jerry Goodman, Jr., was charged with failing to register as a sex offender, 18 U.S.C. § 2250(a). Goodman pleaded guilty pursuant to a written plea agreement, which contained an appeal waiver. The District Court[1] sentenced Goodman to sixty months in prison, below the statutory maximum but above the undisputed advisory Sentencing Guidelines range of thirty to thirty-seven months. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), seeking to withdraw and questioning the reasonableness of the sentence.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

We will enforce the appeal waiver in this case because Goodman's appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (describing the circumstances under which the appellate court should enforce an appeal waiver and dismiss the appeal), cert. denied, 540 U.S. 997 (2003); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing an appeal waiver in an Anders case).

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and find no nonfrivolous issues not covered by the waiver. We grant counsel leave to withdraw and dismiss the appeal.

_____