# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1886

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Ricky P. Hicks, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 1, 2011
Filed: November 2, 2011

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement that contained an appeal waiver, Ricky P. Hicks pled guilty to conspiring to distribute methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] imposed a sentence of 84 months in prison, above the Guidelines range of 24-30 months, but below the 20-year statutory maximum, *see* 21 U.S.C. § 841(b)(1)(C). Hicks's counsel seeks to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which she

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

questions whether this court should enforce the appeal waiver. Hicks has filed a pro se brief arguing, among other things, that his counsel was ineffective.

This court concludes that Hicks's claim of ineffective assistance of counsel is not barred by the appeal waiver, but also is not appropriate for consideration on direct appeal. *See United States v. McAdory*, 501 F.3d 868, 872 (8th Cir. 2007). This court further concludes that the appeal waiver should be enforced as to all other issues in this appeal. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (setting forth criteria for enforcing appeal waiver); *see also United States v. Estrada-Bahena*, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in *Anders* case).

This court independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 80 (1988) and found no nonfrivolous issue not covered by the appeal waiver. Accordingly, this court declines to consider Hicks's ineffective-assistance claim on direct appeal; dismisses the appeal; and grants counsel leave to withdraw, subject to her informing Hicks about procedures for seeking rehearing or filing a petition for certiorari.

_____