# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3882

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William Gene Salmons, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 7, 2012
Filed: June 12, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement that contained an appeal waiver, William Salmons pleaded guilty to a drug offense. The district court[1] sentenced him to 180 months in prison, which was 30 months below the calculated Guidelines range. On appeal, his counsel seeks leave to withdraw, and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in failing to vary even further below the Guidelines range.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

We will enforce the appeal waiver because Salmons's appeal falls within the scope of the waiver, the record shows that he entered into the plea agreement and the waiver knowingly and voluntarily, and enforcing the waiver will not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (criteria for enforcing appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss this appeal.

_____