# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1201

_____

United States of America

*Plaintiff - Appellee*

v.

Quentin Jerome Thompson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: August 2, 2012
Filed: August 28, 2012
[Unpublished]

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Quentin Thompson directly appeals after he pleaded guilty, pursuant to a written plea agreement, to a drug-conspiracy offense, and the district court[1] sentenced

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

him to 235 months in prison, within the calculated advisory Guidelines range. His counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the prison term is unreasonable, and requesting leave to withdraw as counsel. The government has moved to dismiss the appeal based on an appeal waiver contained in Thompson's plea agreement. Thompson has filed numerous pro se motions, including a motion for an extension of time to file a supplemental brief. We deny this motion as moot because this court has filed Thompson's supplemental brief, in which he argues that (1) the district court erroneously applied a sentencing enhancement for being a manager or supervisor of the conspiracy; and (2) information used to prosecute him was obtained in violation of his Fourth Amendment rights.

Upon careful review, we conclude that all of the issues raised on appeal are within the scope of the appeal waiver, that Thompson entered into both the plea agreement and the appeal waiver knowingly and voluntarily, and that enforcing the waiver will not result in a miscarriage of justice. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (criteria for enforcing appeal waiver); <u>see also</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977) (solemn declarations in open court carry strong presumption of verity); <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case). In addition, we have reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and we have found no nonfrivolous issues for appeal outside the scope of the appeal waiver.

Accordingly, we deny as moot Thompson's motion for an extension of time to file a supplemental brief, and we deny all of his remaining pro se motions. We grant the government's pending motion, and therefore dismiss the appeal. Finally, we grant counsel leave to withdraw, subject to counsel informing Thompson about procedures for seeking rehearing or filing a petition for certiorari.

_____