# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2069

_____

United States of America

*Plaintiff - Appellee*

v.

Eric L. Mack

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 25, 2013
Filed: November 12, 2013
[Unpublished]

_____

Before LOKEN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Eric Mack pleaded guilty to a charge of escaping from custody, the district court[1] varied upward from the applicable Guidelines range and sentenced him

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

to 16 months in prison. Seeking leave to withdraw, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Mack's sentence was excessive in light of the statutory goals of sentencing.

Mack pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his conviction and sentence, and we will enforce the appeal waiver. This appeal falls within the scope of the waiver, which, by its terms, applies in a direct criminal appeal unless the grounds of appeal include ineffective assistance of counsel, prosecutorial misconduct, or an "illegal sentence." Further, the record reflects that Mack entered into the plea agreement and the appeal waiver knowingly and voluntarily, and we find that no miscarriage of justice would result from enforcing the waiver in this case. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Finally, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the appeal waiver. Therefore, we dismiss the appeal, and we grant counsel's motion to withdraw.

_____