# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2991

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Lorenzo Christian, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 3, 2010
Filed: May 11, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Lorenzo Christian pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine base, and opening and maintaining a place for the purpose of distributing and using cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 856(a)(1), and 846. The district court[1] sentenced him within the applicable advisory Guidelines range to 168 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he asserts that fundamental fairness requires

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

this court to set aside the appeal waiver, and further argues that the district court should have delayed sentencing or imposed a shorter sentence, was prejudiced against Christian based on a separate civil suit Christian had filed, and relied on false evidence in sentencing him. Christian has filed two pro se supplemental briefs in which he echoes counsel's arguments and adds that the indictment was insufficient and was barred by the statute of limitations, and that the government presented no admissible evidence supporting his conviction. Christian also suggests that his trial counsel rendered ineffective assistance.

To the extent Christian is attempting to assert an ineffective-assistance-of-counsel claim, we decline to consider it on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance claim should be raised in 28 U.S.C. § 2255 motion). Upon careful review, we conclude that the remaining arguments asserted in the briefs are all precluded by the appeal waiver contained in Christian's written plea agreement, because Christian knowingly and voluntarily entered into the plea agreement and the appeal waiver, the issues raised all fall within the scope of the appeal waiver, and enforcing the appeal waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal beyond the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____