# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3798

_____

United States of America,        *
                                        *

           Appellee,     *

                                        *   Appeal from the United States
      v.                    *   District Court for the
                                        *   District of Nebraska.

Antonio R. Azpeitia, also known as   *
Markei Pena, also known as         *   [UNPUBLISHED]
Antonio Ramirez,              *
                                          *

          Appellant.     *

_____

Submitted: June 29, 2010
Filed: July 9, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing a waiver of his right to appeal, Antonio Azpeitia pleaded guilty to unlawful reentry, in violation of 8 U.S.C. § 1326(a) & (b)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) & 924(a)(2). The district court[1] sentenced Azpeitia to 140 months in prison and 3 years of supervised release. On appeal, his counsel has moved

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). The government has moved to dismiss the appeal.

We will enforce the appeal waiver in this case because Azpeitia's appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the appeal waiver would not constitute a miscarriage of justice. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to question defendant properly about decision to enter agreement and to waive right to appeal); <u>see also</u> <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues not covered by the appeal waiver. Accordingly, we grant counsel leave to withdraw, and we grant the government's motion to dismiss this appeal.

_____