# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3852

———————

United States of America,

        Appellee,

v.

William Mansfield,

        Appellant.

\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\* [UNPUBLISHED]

———————

Submitted: July 21, 2010
Filed: July 22, 2010

———————

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Pursuant to a written plea agreement containing a waiver of his right to appeal, William Mansfield pleaded guilty to using interstate facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. The district court[1] sentenced Mansfield to 120 months in prison and 3 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

We will enforce the appeal waiver in this case because Mansfield's appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the appeal waiver would not constitute a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to question defendant properly about decision to enter agreement and to waive right to appeal); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues not covered by the appeal waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss the appeal.

_____