# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1449

_____

United States of America,

        Appellee,

v.

Oscar L. Turner,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Western
\*  District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: August 6, 2010
Filed: August 11, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Oscar L. Turner pleaded guilty to possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The district court[1] sentenced him to 45 months in prison and 3 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court should not have applied a Guidelines sentencing enhancement, and that the court's sentence is unreasonable.

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Turner entered his plea pursuant to a written plea agreement that contains a waiver of his right to appeal his sentence, directly or collaterally, on any ground except for claims of (1) ineffective assistance of counsel, (2) prosecutorial misconduct, or (3) an illegal sentence. The plea agreement defines an illegal sentence, for purposes of the appeal waiver, as a sentence exceeding the statutory maximum, but not a sentence that includes less serious sentencing errors such as misapplication of the Guidelines, an abuse of discretion, or imposition of an unreasonable sentence. We will enforce the appeal waiver in this case, because the record shows that Turner entered his plea voluntarily, with full knowledge of and consent to the appeal waiver, and his sentence does not exceed the statutory maximum. Further, the arguments raised in the Anders brief are covered by the appeal waiver. See 18 U.S.C. § 924(a)(2) (providing for 10-year maximum prison sentence for conviction under § 922(j)); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.

_____