# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1642

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Wendy Mae Vondal, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 17, 2010
Filed: September 22, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Wendy Vondal appeals the sentence the district court[1] imposed after she pleaded guilty to conspiring to possess with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Her counsel seeks leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising as a potential issue that Vondal received ineffective assistance of counsel.

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

The written plea agreement contains an appeal waiver, and we will enforce it because (1) the transcript of Vondal's plea hearing shows that the plea was knowing, voluntary, and entered with full knowledge of the appeal waiver; (2) the exceptions to the waiver do not apply in this direct appeal; and (3) enforcing the waiver would not cause a miscarriage of justice.  See United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).  Further, ineffective-assistance claims are more properly raised in a proceeding under 28 U.S.C. § 2255, see United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998), and Vondal reserved her right to do so.

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver.  Accordingly, we dismiss this appeal, and we grant counsel's motion to withdraw, subject to counsel informing Vondal about procedures for seeking rehearing or filing a petition for certiorari.

_____