# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2764

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
    v.                             *   District Court for the
                                   *   District of Nebraska.
Marco Zavala-Moreno,               *
                                   *   [UNPUBLISHED]
            Appellant.             *

_____

Submitted: December 6, 2010
Filed: December 9, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Marco Zavala-Moreno pled guilty to illegally reentering the country after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2); possessing a firearm while illegally in the country, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); and a forfeiture count. The district court[1] sentenced him to 51 months' imprisonment and 3 years of supervised release. On appeal, his counsel seeks to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence was too severe.

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

We will enforce the appeal waiver because the appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel leave to withdraw, and we dismiss the appeal.

_____