# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1976

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Dajuan Anthony Harris, also known | * |
| as Kendricke Harris, also known as | * [UNPUBLISHED] |
| Dejuan Harris, | * |
| | * |
| Appellant. | * |

_____

Submitted: December 23, 2010
Filed: January 3, 2011

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement containing an appeal waiver, Dajuan Harris pled guilty to using a telephone to facilitate the commission of a drug-trafficking conspiracy, a violation of 21 U.S.C. § 843(b), and being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Harris to concurrent prison terms of 48 and 110 months and concurrent

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

supervised release terms of 1 and 3 years. On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw and arguing that the court miscalculated the drug quantity and imposed an unreasonable sentence. Harris has filed a pro se supplemental brief arguing that counsel was ineffective.

We will enforce the appeal waiver in this case because the record shows that Harris entered into both the plea agreement and the waiver knowingly and voluntarily; further, this appeal falls within the scope of the waiver, and enforcing the appeal waiver would not result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); *United States v. Estrada-Bahena*, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in *Anders* case). We decline to consider the ineffective-assistance claim on direct appeal. *See United States v. Cain,* 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance claim should be raised in 28 U.S.C. § 2255 motion).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we dismiss the appeal and allow counsel to withdraw.

_____