# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2096

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Kenneth Robert Simpson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 4, 2011
Filed: October 7, 2011

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement that contained an appeal waiver, Kenneth Simpson pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The district court[1] sentenced him to 60 months in prison, the statutory minimum. On appeal, his counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Simpson has filed a pro se supplemental brief suggesting, inter alia, that his counsel was ineffective. He has also filed a pro se motion in this court.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

We conclude that Simpson's claim of ineffective assistance of counsel is not barred by the plea agreement, but also is not appropriate for consideration on direct appeal. See United States v. Looking Cloud, 419 F.3d 781, 788 (8th Cir. 2005) (ineffective assistance of counsel claims nearly always require development of facts outside record, which makes those claims generally inappropriate for direct appeal and better raised in habeas proceeding). We further conclude that the appeal waiver should be enforced as to all other issues in this appeal. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (setting forth criteria for enforcing appeal waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no non-frivolous issues not covered by the appeal waiver. Accordingly, we decline to consider Simpson's ineffective-assistance claim on direct appeal, we dismiss this appeal based upon the appeal waiver, and we deny Simpson's pending motion as moot. We also grant counsel leave to withdraw, subject to him informing Simpson about procedures for seeking rehearing or filing a petition for certiorari.

_____